**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TERRY D. SMITH et al.,** )<br>)<br>     **Plaintiffs,** )<br>)<br>v. )<br>)    **No. 06-2151-CM**<br>)<br>**BURLINGTON NORTHERN SANTA FE** )<br>**RAILWAY COMPANY, INC. et al.,** )<br>)<br>     **Defendants.** )<br>_____ ) | |

**MEMORANDUM AND ORDER**

Plaintiffs, employees of defendant BNSF Railway Company ("BNSF"), bring this putative collective action, alleging that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs for hours they worked while performing the "familiarization"[1] trips that BNSF requires for trainmen who transfer from one Grand Seniority District[2] to another. Plaintiffs also claim that defendants BNSF and the United Transportation Union ("UTU") conspired to deprive plaintiffs of wages due under the FLSA by entering into an agreement regarding the familiarization trips. The agreement states that trainmen who transfer from one Grand Seniority District to another will not be paid for time spent on required familiarization trips.

The BNSF defendants (BNSF and its Vice President and General Director of Labor

---

[1] "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

[2] A Grand Seniority District is a geographic area that once defined where a trainman could work. There are various Grand Seniority Districts, including the Northern, Southern, Eastern, Western, and Coastline Districts.

Relations) filed three motions: The BNSF Defendants' Motion to Dismiss for Improper Venue (Doc. 4); The BNSF Defendants' Motion to Dismiss Plaintiffs' Civil Conspiracy Cause of Action for Lack of Jurisdiction and Failure to State a Claim (Doc. 6); and The BNSF Defendants' Motion to Strike (Doc. 21). Because the court determines that venue is inappropriate here, the court denies Docs. 6 and 21 as moot.

Whether to dismiss a case for improper venue "lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). When the defendant raises the issue of venue, the plaintiff has the burden of establishing that venue is proper in the district in which plaintiff filed the action. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) (citation omitted). The court may consider affidavits and other material beyond the allegations in the complaint in deciding a motion to dismiss for improper venue. *Pierce*, 137 F.3d at 1191.

The FLSA does not contain a specific venue provision, so the general venue requirements of 28 U.S.C. § 1391 apply. Under §1391, a party may bring a civil action in one of three places:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Here, it is uncontroverted that all defendants do not reside in the same state. It is also uncontroverted that this action may be brought in another district. The question before the court, then, is whether a substantial part of the events giving rise to plaintiffs' claims occurred in the District of Kansas. Venue is not proper here unless plaintiffs can show that "substantial operative facts" occurred in this district. *Monarch Normandy Square Partners v. Normandy Square Assocs.*

*Ltd. P'ship*, 817 F. Supp. 899, 904 (D. Kan. 1993). But this district need not be the site of *most* of the contacts; "venue may be proper even if contacts with another district were more substantial." *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002).

There are two allegedly unlawful practices at issue in this case: (1) failing to pay trainmen for certain familiarization trips; and (2) conspiring to deny employees pay for certain familiarization trips. None of the named plaintiffs has performed an unpaid familiarization trip in Kansas. Plaintiffs' allegation that many of the potential members of the putative class performed trips in Kansas does not change that fact or make venue appropriate here. *See United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1129 (2d Cir. 1974) (holding that under Rule 23, venue requirements "may be satisfied if only the named parties to a class action meet its requirements"); *Cook v. UBS Fin. Servs., Inc.*, 2006 WL 760284, at *6 n.2 (S.D.N.Y. May 21, 2006) ("The law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives."); *Dunn v. Sullivan*, 758 F. Supp. 210, 216 (D. Del. 1991) ("Venue in a class action suit is proper for the entire class if it is proper for the named plaintiffs."); 17 James Wm. Moore et al., *Moore's Federal Practice* § 110.07 ("Venue in class actions is determined by the same statutes that would apply if the action were not a class action. Venue is proper if the statutory requirements are met with respect to the named parties."); 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civ. 3d § 1757 (noting that where residence is critical for determining venue, "only the residence of the named parties is relevant for determining whether venue is proper."). Nor is venue proper because Shawn Dent—who has consented to opt in to the putative class of plaintiffs—took an unpaid familiarization trip in Kansas. Mr. Dent is not a named party to this action, despite his attempt to become a named party by filing his "Consent to Opt in and Become a Party Plaintiff." *See Hunter v. Sprint Corp.*, 346 F. Supp. 2d

113, 120 n.3 (D.D.C. 2004) (noting that a consent-to-sue form "does not turn an employee into a named plaintiff, but is merely the mechanism by which an employee opts in to a collective action class that is represented by the named plaintiffs."). Whether plaintiffs may add a named party to the case is governed by Fed. R. Civ. P. 15(a), which requires leave of the court or written consent of the adverse party before a party may be added after a responsive pleading is served. In any event, if Mr. Dent were added as a named party, venue may be proper for his claims, but not those of other named plaintiffs. *See Beams v. Norton*, 256 F. Supp. 2d 1203, 1212 (D. Kan. 2003) ("[T]he propriety of venue is determined separately for each claim.").

A substantial part of the acts giving rise to the conspiracy claim also did not occur in Kansas. BNSF and UTU negotiated and agreed to the familiarization trip provisions in Reno, Nevada. Plaintiffs' crew manager, who worked out of Topeka, Kansas, informed plaintiffs that their familiarization trips would be unpaid. But the court finds that the crew manager's verbal recitation of the terms of the policy does not give rise to plaintiffs' claims; rather, the source of plaintiffs' claims is the negotiation, acceptance, and enforcement of the policy terms.

The court finds that a substantial part of the events supporting plaintiffs' claims did not occur in this district. Defendants did not move for transfer to another district, and plaintiffs did not request transfer. Because it appears that venue may be appropriate in more than one other location, the court will not choose an alternative venue for plaintiffs. The court therefore dismisses the case without prejudice for improper venue.

**IT IS THEREFORE ORDERED** that The BNSF Defendants' Motion to Dismiss for Improper Venue (Doc. 4) is granted. The BNSF Defendants' Motion to Dismiss Plaintiffs' Civil Conspiracy Cause of Action for Lack of Jurisdiction and Failure to State a Claim (Doc. 6) and The BNSF Defendants' Motion to Strike (Doc. 21) are denied as moot.

-5-

Dated this 1st day of November 2006, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**